Warren v. Quill.

W. P. WARREN et al., Appellants, v. JOHN QUILL et al., Respondents.

Action not Maintainable by Married Woman Plaintiff without Proper Averments. In a suit by W. P. and Olive Warren for diversion of water, where it appeared on the trial that Olive was the wife of one Haven and the complaint was amended by substituting her true name but without adding any averments of her right to sue alone : Held, that the admission of evidence on such an amended complaint against defendants' objection was error.

Appeal from the District Court of the Second Judicial District, Ormsby County.

This was an action by W. P. Warren and Olive Warren against John Quill and Timothy Conley for damages for diversion of a stream of water from premises alleged to belong to plaintiffs in Ormsby County, and for an injunction to restrain future diversion. On the trial it appeared that the premises had been originally conveyed to W. P. and Olive Warren, but that since that time and before the commencement of this suit Olive had intermarried with Isaac Haven; upon the coming out of which fact plaintiffs' counsel asked and obtained leave to amend the complaint by making Olive Haven a party plaintiff instead of Olive Warren. Defendants excepted. Defendants then objected to the admission of any testimony under the amended complaint, for the reason that the action could not be sustained under the averments of the complaint as so amended. Their objection was overruled. They afterwards moved for a non-suit on the ground that the proofs did not support or conform to the allegations of the complaint, which motion was denied; and judgment was rendered and entered for plaintiffs, perpetually enjoining defendants from any further diversion of the stream described in the complaint.

Defendants next moved for a new trial upon the grounds mainly that there was error in admitting any evidence on the trial after it was shown that Olive was at the commencement of the action a married woman, cohabiting with her husband; and that there was error in allowing the action to proceed in the name of Olive Haven—the proof showing her to be a

married woman cohabiting -with her husband and it not being alleged or proved that the suit concerned her separate property or was between herself and husband.   The motion for a new trial having been granted, plaintiffs took this appeal from the order.

*Robert M. Clarke,* for Appellants.

*Wm. Patterson, T. D. Edwards,* and *Ellis & King,* for Respondents.

By the Court, WHITMAN, C. J.:

A decree of injunction against respondents was set aside and a new trial granted; whence this appeal.   No special reason for the order is given; but warrant therefor is found in error of law occurring at the trial and excepted to by respondents.   The complaint was by W. P. and Olive Warren.   On the examination of the former, it appeared that his co-plaintiff was at the time of suit brought and then a married woman, by name Olive Haven.   On appellants' motion, the complaint was amended by the substitution of the latter name and thus the trial proceeded, against the objection of respondents to the admission of evidence under the amended complaint, in which was no averment of Olive Haven's right to sue alone.   To the overruling of their objection respondents excepted.   This was well taken.

The order granting a new trial is affirmed.